UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FRANCIS X. McGOWAN,

    Plaintiff,

v.

THE STATE OF WASHINGTON, DEPARTMENT OF LABOR & INDUSTRIES, *et al.*,

    Defendants.

NO. CV-08-5007-RHW

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants' Motion for Summary Judgment (Ct. Rec. 19). The motion was heard without oral argument.

## BACKGROUND

In February 2002, Plaintiff Francis X. McGowan filed a worker's compensation claim with the Washington State Department of Labor and Industries. The Department rejected Plaintiff's claim in March 2002. In a letter written by Defendant Kathy Honeck, the Department informed Plaintiff that the reason his claim was rejected was because his condition was not the result of the injury alleged (Ct. Rec. 1, Ex. 17). Plaintiff appealed this decision in April 2002 (Ct. Rec. 1, Ex. 12). Plaintiff corresponded with the Department throughout September 2002 (Ct. Rec. 1, Exhs. 14, 15), and on October 1, 2002, Plaintiff requested the Department to provide a complete copy of his occupational health file and claims files (Ct. Rec. 1, Ex. 13).

In November 2002, Ms. Honeck again rejected Plaintiff's claim (Ct. Rec. 1, Ex. 18). Ms. Honeck stated:

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1**

> This letter is to inform you that I have affirmed the rejection order dated 03/04/2002.
> On your report of accident your attending physician has indicated that your condition was questionable as being related to the injury and is not work related. It also appears according to your prior medical records you were already receiving treatment and also according to the x-rays that were done you have degenerative changes.

*Id.*

Shortly thereafter, Plaintiff filed an appeal with the Board of Industrial Insurance Appeals. In response, the Department reassumed jurisdiction of Plaintiff's claim to reconsider its earlier denial.[1]

Following its reconsideration, the Department again denied Plaintiff's claim on September 18, 2003 (Ct. Rec. 1, Ex. 26). In its Notice of Decision, the Department indicated that it was rejecting Plaintiff's claim for benefits because there was not proof of a specific injury at a definite time and place in the course of employment; Plaintiff's condition was not the result of an industrial injury as defined by the industrial insurance laws; and Plaintiff's condition was not an occupational disease as contemplated by Wash. Rev. Code § 41.08.140. *Id.* Plaintiff was informed that "any and all bills for services or treatment concerning this claim are rejected, except those authorized by the department for diagnosis." *Id.*

In a letter, Ms. Honeck stated:

> This letter is to explain the reason why your claim has been rejected.
> I have sent you three requests for your signature and the list of doctors who have treated you in the past, and a military/veterans release form so that we can also obtain those records. You have continued to ignore our request.
> You talked to Will Patterson Claims Consultant on 05/01/2003,

---

[1] The Department, acting pursuant to Wash. Rev. Code § 51.52.060, placed the terms of the decision in abeyance by reconsidering the order and by directing the submission of further evidence or the investigation of further acts. As a result, the Board of Industrial Insurance Appeals returned the case to the Department for further action and denied Plaintiff's appeal without prejudice (Ct. Rec. 1, Ex. 16).

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2**

at that time you had agreed to fax the forms in. As you still have not complied this claim has been rejected.

*Id.*

On October 16, 2003, Plaintiff appealed this decision to the Board. On October 2004, the Board concluded that Plaintiff failed to make a prima facie case to establish that he was entitled to benefits under the Industrial Insurance Act, and dismissed his appeal (Ct. Rec. 28, Ex. 1). Plaintiff then filed a motion for reconsideration with the Board. On January 4, 2004, the Board issued an Order Denying Petition for Review (Ct. Rec. 28, Ex. 2).

Plaintiff appealed this decision to Benton County Superior Court. The Benton County Superior Court combined this appeal with an appeal filed by McGowan Construction Services, Inc. Plaintiff filed an interlocutory appeal of the consolidation order to the Washington Court of Appeals. Both the Court of Appeals and the Washington State Supreme Court declined to review the consolidation order (Ct. Rec. 45, Ex. 1). On May 12, 2006, the Court of Appeals remanded the action to Benton County Superior Court (Ct. Rec. 45, Ex. 2).

On February 5, 2005, Plaintiff filed a lawsuit in the Eastern District of Washington, alleging violations of the American with Disabilities Act and Section 504 of the Rehabilitation Act. On June 16, 2005, Judge Edward F. Shea dismissed the complaint without prejudice. The Ninth Circuit affirmed the dismissal on December 18, 2006.

Plaintiff then filed the instant action on January 28, 2008, alleging claims under the American with Disabilities Act and the Rehabilitation Act, along with claims under 42 U.S.C. §§ 1981, 1983, and 1985. Plaintiff is suing the following state agencies: Department of Labor and Industries, the Washington State Board of Industrial Insurance Appeals, and the Office of the Attorney General. Plaintiff is suing the following individuals who are employees of the Department of Labor and Industries: Judy Schurke, Director; Paul Trause, Director; Kathy Honeck,

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3**

Claims Manager; and Will Patterson, Claims Consultant. Plaintiff is suing the following individuals who are employees of the Board: Thomas Egan, Brank Fennerty, Jr., and Calhoun Dickinson. Plaintiff is suing the following individuals who are employees of the Officer of the Attorney General: Attorney General Rob McKenna and Assistant Attorney General Kevin Hartze.

Plaintiff seeks an award of monetary damages from each of the Defendants in the amount of $300,000 for violations of the ADA, other damages as provided by statute for damages to his financial resources and business operations, any other relief deemed appropriate in an amount greater than $2,500,000, and attorneys' fees pursuant to 42 U.S.C. § 1988.

Defendants now move for summary judgment as a matter of law.

## ANALYSIS

**A.  Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4**

*Smith v. Univ. of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B.    Defendants' Arguments**

Defendants make a number of arguments in support of their motion for summary judgment: (1) Plaintiff failed to exhaust his administrative remedies as required by the American with Disabilities Act; (2) Eleventh Amendment immunity shields the state agencies and the individual Defendants who operated in their official capacity from suit; (3) Plaintiff failed to state a claim under the ADA and the Rehabilitation Act as a matter of law; (4) to the extent Plaintiff is alleging individual liability, qualified immunity shields the individual Defendants from liability; and (5) the statute of limitations bars Plaintiff's claims.[2]

---

[2]Defendants argue that the statute of limitations expired 23 days prior to Plaintiff filing his complaint. However, it appears that Defendants were not aware that Plaintiff filed an appeal of the Board's decision in Benton County Superior Court. Defendants appear to be arguing that the filing of an appeal of the Board's decision would not toll the statute of limitation, relying on case law which held that the filing of an administrative complaint with the EEOC does not toll the running of the statute of limitations on a cause of action under § 1981 based on the same facts. The Court does not find that the cases relied upon by Defendants are on point. The filing of an appeal of an administrative hearing that is the basis of the discrimination claim is not the same as filing discrimination claims with the EEOC

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5**

(**1**)  **Failure to Exhaust Administrative Remedies**

Defendants argue that Plaintiff's ADA claims are barred because he failed to exhaust the claims by filing a claim with the EEOC or appropriate state agency before filing a lawsuit alleging a claim under the ADA. The Court agrees. *See Douglas v. California Dep't of Youth Authority*, 271 F.3d 812, 823 n.1 (9th Cir. 2001) ("Before filing an ADA suit, a plaintiff must timely file a discrimination charge with the EEOC. 42 U.S.C. § 12117(a). Filing a timely charge is a statutory condition that must be satisfied before filing suit in federal court. In order to be timely, the plaintiff must file a discrimination charge with the EEOC within 180 days after the alleged violation. 42 U.S.C. § 2000e-5(e).").

Therefore, the Court grants summary judgment with respect to Plaintiff's ADA claims.

**(2)  Eleventh Amendment Immunity**

Defendants assert that the Department, the Board, the Attorney General's Office, and the individual Defendants being sued in their official capacity are immune from suits under 42 U.S.C. §§ 1981, 1983, and 1985, pursuant to the Eleventh Amendment. The Court agrees. *See Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).

The Court concludes that, regardless of whether Plaintiff is requesting injunctive or declarative relief, the nature of his claim for damages does not allege an ongoing violation of federal law and is not seeking prospective relief. Instead, Plaintiff is seeking a remedy for the October 2004 denial of his workers' compensation claim.

---

and in federal court for discriminatory conduct that is separate and distinct from the administrative process. The Court does not find that the statute of limitations clock began to tick when the Board issued its decision denying Plaintiff's appeal on January 4, 2004.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6**

1  Therefore, the Court grants summary judgment with respect to Plaintiff's
2  civil rights claims asserted against the Department, the Board, the Attorney
3  General's Office, and the individual Defendants being sued in their official
4  capacity.

**(3)  Qualified Immunity Against Personal Liability**

State employees who are sued in their individual capacity may be entitled to qualified immunity from suit. In determining whether Defendants are afforded qualified immunity, the Court must first consider whether Defendants violated Plaintiff's constitutional right. *Aguilera v. Baca*, 510 F.3d 1161, 1167 (9th Cir. 2007) (*citing Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If not, the inquiry ends. *Id.* If a constitutional right was violated, the Court must determine "whether that right was 'clearly established' such that 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id.*

Here, Plaintiff has not shown that his constitutional rights have been violated. It appears that Plaintiff is basing his § 1983 claim on a violation of his due process rights. However, Plaintiff has not shown that his due process rights were violated. Before he can state a claim for deprivation of due process, Plaintiff must first establish that he had a property interest in his workers' compensation request. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). His claim fails because he never had or acquired a property interest in his workers' compensation request because the Department did not find that Plaintiff was entitled to the benefits. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 60 (1999). Further, even if he did have a property right, Plaintiff was afforded the opportunity to file a number of appeals in the workers' compensation process and he was never denied an opportunity to be heard. *See Loudermill*, 470 U.S. at 542.

Moreover, Plaintiff cannot establish a claim under § 1981 for the obvious reason that Plaintiff is white and is not a member of a protected class. *See Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006) (holding that to

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7**

establish a section 1981 claim with regard to a non-employment contract, the plaintiff must show that he is a member of a protected class; who attempted to contract for certain services; and was denied the right to contract for those services). Finally, Plaintiff has not met his burden of proving the elements of a § 1985 claim. S*ee Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130 (9th Cir. 2000) (setting forth the elements of a section 1985 claim: 1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; and 2) an act in furtherance of the conspiracy; and (3) a resulting injury.). Plaintiff has not established that he was treated differently than similarly situation persons, or that Defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Lee v. City of Los Angeles*, 250 F.3d 668 686 (9th Cir. 2001).

Plaintiff argues that Defendants denied him equal protection of the laws as a disabled veteran. However, Plaintiff has not identified the regulation or procedures that discriminate against veterans, generally, and him as a veteran, specifically. Moreover, the Court has not found any precedent that has found that veterans are a protected class. Even assuming veterans are a protected class, Plaintiff's equal protection claims fail because he has not established intentional or purposeful discrimination on the basis of his status as a veteran. *Lee*, 250 F.3d at 686.

Accordingly, summary judgment in favor of the individual Defendants with respect to Plaintiff's civil rights claims is appropriate.

**(4)  Failure to Establish Evidence to Support Claim under the ADA or the Rehabilitation Act**

Plaintiff is asserting violations under Title II of the ADA and the Rehabilitation Act, 29 U.S.C. § 794.

To establish a claim under either Title II or the Rehabilitation Act, Plaintiff must show that: (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8**

denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *McGary v. City of Portland*, 2386 F.3d 1259, 1265 (9th Cir. 2004); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1055 n.1 (9th Cir. 2005) (Rehabilitation Act creates same rights and obligations as ADA). Plaintiff has not established that he was qualified to receive workers's compensation benefits, or that his disability was the reason he was denied benefits. *See Doe v. Pfommer*, 148 F.3d 73, 82 (2nd Cir. 1998) (ADA and Rehabilitation Act do not provide a cause of action for challenging adequacy of state programs without a showing of disparate or discriminatory treatment).

The Court finds that no reasonable jury can infer from the evidence presented by Plaintiff that he has stated a valid claim under the ADA or the Rehabilitation Act. As such, summary judgment in favor of Defendants with respect to Plaintiff's ADA and Rehabilitation claims is appropriate.

**(5) Conclusion**

The Court grants summary judgment in favor of Defendants on Plaintiffs' ADA claim for failure to exhaust his administrative remedies and for failure to establish a triable issue of fact for the jury. The Court grants summary judgment in favor of Defendants on Plaintiff's Rehabilitation Act claim for failure to establish a triable issue of fact for the jury. The Court grants summary judgment in favor of the state agencies and the agency employee's acting in their official capacity on Plaintiff's civil rights claims because these Defendants are entitled to Eleventh Amendment immunity. The Court finds that Plaintiff has not established that his constitutional rights were violated. Thus, the Court grants summary judgment in favor of the individual Defendants on Plaintiff's civil rights claims.

///

///

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 9**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (Ct. Rec. 19) is **GRANTED**.

2. The District Court Executive is directed to enter judgment in favor of Defendants.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel, and close the file.

**DATED** this 29th day of August, 2008.

*s/Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\McGowan\sj.wpd

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 10**